**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Randolph Williams, Jr.,**

    **Plaintiff,**

    v.                                Case No. 2:10-cv-375

                                                      JUDGE GEORGE C. SMITH

**Deb Timmerman-Cooper, et al.,**        Magistrate Judge Kemp

    **Defendants.**

## ORDER

    Defendants filed a motion for summary judgment on March 15, 2011, together with a supporting memorandum of law.  Despite the requirement under Local Rule 7.2(a)(2) that a memorandum opposing the motion be filed within 21 days from the date of service of the motion, no such memorandum was filed.  On April 27, 2011, this Court ordered plaintiff to respond within 14 days, or face dismissal of this action without prejudice for failure to prosecute.  Plaintiff did not respond.

    If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R.Civ. P. 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief.  *Dynes v. Army Air Force Exchange Service*, 720 F.2d 1495 (11th Cir. 1983).  Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, *see Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir. 1972)(*per curiam*).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion.  *See Stanley v. Continental Oil Co.*, 536 F.2d 914 (10th Cir.1976); *see also Lang v. Wyrick*, 590 F.2d 257 (8th Cir. 1978).

The facts of this case indicate a clear failure to prosecute.  The Court specifically advised plaintiff in its prior order that this action would be dismissed if plaintiff failed to respond.  Because that order was not returned as undeliverable, the Court assumes that plaintiff received it.  Plaintiff has not offered any explanation for the failure to respond.  Therefore, the Court can only conclude that the failure is intentional.  An intentional failure to respond to a court order is sufficient justification for a dismissal.

For the foregoing reasons, it is ordered that this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

*/s/ George C. Smith*
George C. Smith
United States District Judge